UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:**   (In Chambers) Order GRANTING Defendants' motion to dismiss

Pending before the Court is Defendants Recontrust, N.A. ("Recontrust"), Mortgage Electronic Registration Systems ("MERS"), BAC Home Loans Servicing, LP ("BAC"), and U.S. Bank, N.A. ("U.S. Bank") (collectively, "Defendants") motion to dismiss Plaintiffs' Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendants' motion, the Court GRANTS the motion.

I.  Background

In this lawsuit, plaintiffs Byron Hollins and Jan Levin (together, "Plaintiffs") claim that foreclosure proceedings initiated by Defendants are invalid based on Defendant MERS' alleged lack of authority to assign its interests to another party. The following facts are undisputed. On November 3, 2005, Plaintiffs executed a promissory note for $2,530,000.[1] *Compl.* ¶¶ 12–15. As security for the loan, Plaintiffs signed a Deed of Trust ("DOT"). *Id.*; *see also Defendants'*

---

[1] The Loan was originated by WEBTD.COM, a California corporation named as a defendant in this action. *Compl.* ¶ 9. Plaintiffs allege that WEBTD.COM acted as an agent of Countrywide, and "had little or no distinct input or control of the lending process." *Id.* ¶¶ 11-12. Thus, because Plaintiffs have not alleged that WEBTD.COM took any actions in the foreclosure process which they now seek to challenge, the Court finds that Plaintiffs cannot state a claim against WEBTD.COM. Accordingly, WEBTD.COM is DISMISSED with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

*Request for Judicial Notice ("RJN")*, Exs. 1, 2. The DOT identified Plaintiffs as the borrowers; WEBTD as the lender; First American Title Company as the Trustee; and MERS as the beneficiary. *Compl.* at ¶ 14. It further explained that MERS acts "solely as nominee for Lender and Lender's successors and assigns[,]" and expressly granted MERS broad rights to act in this capacity. *RJN*, Ex. 1 (Deed of Trust) at 2, 4.

      The Complaint goes on to assert that on August 19, 2010, ReconTrust, as agent for MERS, executed a Notice of Default on the loan. *Compl.* ¶ 17; *RJN*, Ex. 3. U.S. Bank was listed as the trustee on the notice of default. *Id.* On August 23, 2010, MERS filed a substitution of trustee and assignment of deed of trust in the Office of the Recorder of Los Angeles County, California, naming Recontrust as trustee. *Compl.* at ¶ 18; *RJN,* Ex. 4. The substitution also transferred MERS' interest in the DOT to U.S. Bank. *Id.* A notice of Trustee's Sale was recorded on November 30, 2010. *Compl.* at ¶ 19; *RJN*, Ex. 5.

      On December 28, 2010, Plaintiffs filed a Complaint against Defendants in state court, asserting claims for (1) declaratory relief; (2) wrongful foreclosure; (3) postponement of the foreclosure sale pursuant to Cal. Civ. Code §2923.54; and (4) injunctive relief. *See* Dkt. #1. On January 31, 2011, Defendants removed the action to federal court. They subsequently filed this motion to dismiss the Complaint for failure to state claims upon which relief could be granted. *See* Dkt. # 11 (Mar. 9, 2011).

II.    <u>Legal Standard</u>

      Pursuant to Rule 12(b)(6), a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure require that the complaint merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

      In deciding a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S.Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

      Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint," (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

III.    <u>Discussion</u>

      It bears mention at the outset that Plaintiffs claims for, *inter alia*, declaratory relief and wrongful foreclosure are not based on allegations of procedural errors in the foreclosure proceedings; nowhere in the Complaint do Plaintiffs allege that Defendants failed to follow any section of California Civil Code §§ 2924–2924k. Rather, as previously indicated, Plaintiffs bring this action to challenge Defendants' authority to foreclose pursuant to these statutory provisions. *See Compl*. ¶¶ 23, 27, 52–54, 66.

      Defendants' moving papers identify three discrete bases upon which the Complaint should be dismissed. First, they argue that the Complaint fails in its entirety because Plaintiffs have not complied with the tender rule under California law. Second, they contend that Plaintiffs' claims fail because they are based on a theory about MERS that is wrong as a matter of law. Finally, Defendants maintain that each of the causes of action is inadequately pled. As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

explained below, the Court agrees and finds that Plaintiffs fail to state any plausible claims upon which relief could be granted.

    A.    <u>Declaratory Relief (First Cause of Action)</u>

Plaintiffs' first cause of action for declaratory relief is based on allegations that foreclosure was improper because MERS was not authorized to substitute Recontrust as Trustee to sell the property for the benefit of U.S. Bank. *See Compl.* ¶¶ 21-25. This claim, however, is defective on multiple grounds. To start, the Court notes that declaratory relief is not an independent cause of action, but rather is a form of relief. *See Santos v. Countrywide Home Loans*, No. 2:09-02642-WBS-DAD, 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal. Nov. 6, 2009). As such, a claim for declaratory relief is improper where, as here, the claim merely replicates other substantive causes of action asserted in the pleading. *See Lai v. Quality Loan Service Corp.*, No. 2:10-cv-02308 PSG, 2010 WL 3419179, at *3 (C.D. Cal. Aug. 26, 2010) ("The object of [declaratory relief] is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for determination of identical issues.") (internal quotations omitted).

Moreover, as Defendants correctly note, federal and state courts in California have repeatedly rejected similar challenges to MERS in cases where the plaintiff expressly authorized MERS to act as a beneficiary. *See, e.g., Dancy v. Aurora Loan Servs.*, LLC, No. 4:10-cv-2602-SBA, 2010 U.S. Dist. LEXIS 116513, at *9–10 (N.D. Cal. Nov. 2, 2010) (rejecting contention that MERS could not act as beneficiary under Deed of Trust); *Wurtzberger v. Resmae Mortg. Corp.*, No. 2:09- cv-0178-GEB-DAD, 2010 U.S. Dist. LEXIS 51751, at *7–9 (E.D. Cal. Apr. 29, 2010) (same); *Derakhshan v. Mortg. Elec. Registration Sys.,* No. 08-CV-1185-AG, 2009 U.S. Dist. LEXIS 63176, at *18 (C.D. Cal. June 29, 2009) (same).

Here, it is undisputed that Plaintiffs signed a DOT stating that MERS had a beneficial interest. *RJN,* Ex. 1 at 2. The DOT specifically provided that:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

any or all of those interests, including, but not limited to, the right to
foreclose and sell the Property; and to take any action required of
Lender including, but not limited to, releasing and canceling this
Security Instrument.

*RJN,* Ex. 1 at 4. This contractual language in the DOT is consonant with numerous cases in which courts held that where MERS acts as a beneficiary under a deed of trust, it has the right to assign its interest. *See, e.g., Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E. D. Cal. 2010); *Morgera v. Countrywide Home Loans, Inc.,* No. Civ. 2:09-01476 MCE GGH, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010); *Pantoja v. Countrywide Home Loans, Inc.,* 640 F. Supp. 2d 1177 (N.D. Cal. 2009); *Kachlon v. Markowitz,* 168 Cal. App. 4th 316, 334-35, 85 Cal. Rptr. 3d 532 (2008). The California Court of Appeal's recent decision in *Gomes v. Countrywide Home Loans, Inc*., 192 Cal. App. 4th 1149, 2011 WL 566737, at *3 (Feb. 18, 2011) is particularly apposite. In *Gomes,* the court dismissed the plaintiff's claim for declaratory relief upon finding (1) Gomes failed to identify a statutory basis for an action determining whether MERS has authority to initiate a foreclosure proceeding; and (2) that because Gomes agreed in the deed of trust that MERS was authorized to initiate a foreclosure proceeding, his claims lacked merit "as a factual matter." *Id.* at 1157 ("Gomes's agreement [in the deed of trust] that MERS has the authority to foreclose thus precludes him from pursuing a cause of action premised on the allegation that MERS does not have the authority to do so."). Plaintiffs' claim in this case is similarly flawed.

Additionally, to the extent Plaintiff's declaratory relief claim is based on allegations that US Bank is not authorized to foreclose due to lack of "documentation evidencing the proper status of [US Bank] as a party in interest[,]" *Compl.* ¶ 23, the Court finds that it still cannot survive Defendants' motion to dismiss. As Defendants point out, numerous courts have held that an original note need not be produced in connection with non-judicial foreclosure proceedings. *See, e.g., Pantoja v. Countrywide Home Loans*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) (citing Cal. Civ. Code § 2924); *Ultreras v. ReconTrust Co*., No. 09-cv-08810, 2010 WL 2305857, at *4 (C.D. Cal. June 07, 2010). Moreover, Plaintiffs' allegation is negated by a judicially noticeable record of assignment from MERS to US Bank. *RJN,* Ex. 4.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#11/12**
**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

Accordingly, because Plaintiffs fail to allege a cognizable claim for declaratory relief, the Court DISMISSES Plaintiffs' first cause of action with prejudice.[2]

### B. Wrongful Foreclosure (Second Cause of Action)

Plaintiffs' second cause of action for wrongful foreclosure is based on Plaintiffs' belief that because "the deed of trust ... is no longer security for the note," therefore Defendants lack authority to foreclose. *Compl.* ¶ 27. This claim is also fatally deficient. California law is "settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 581, 205 Cal. Rptr. 15 (1984); *Grant v. Aurora Loan Servs.*, No. 2:09-cv-08174-MMM, 2010 U.S. Dist. LEXIS 98034, at *25–26 (C.D. Cal. Sept. 10, 2010). Thus, because the Complaint does not allege that they have tendered, or are willing and able to tender, the amount owed on the Note, Plaintiffs fail to state a claim for wrongful foreclosure.

In opposing Defendants' motion, Plaintiffs protest that they were not required to comply with the tender rule because the trustee sale has not yet occurred in this case. This argument, however, suffers from two fatal flaws. First, it finds no support in the caselaw. To the contrary, courts have consistently held that plaintiffs bringing claims for wrongful foreclosure must offer to tender the full amount owed to sustain a cause of action regarding any aspect of the foreclosure sale procedure. *See, e.g., Fammilop v. Wells Fargo Bank*, N.A., No. 2:10-cv-5977-AHM-FFM, 2011 U.S. Dist. LEXIS 3249, at *8 (C.D. Cal. Jan. 4, 2011). Second, taking as true Plaintiffs' allegation that no sale has been completed, *see Compl.* ¶ 67, their claim for wrongful foreclosure fails on the additional ground that it is not yet ripe for review. *See Boles v. Merscorp., Inc.,* No. 2:08-cv-1989-PSG, 2009 WL 734133, at *6 (C.D. Cal. Mar. 18, 2009).

Moreover, even if Plaintiffs had adequately alleged tender and their claim was ripe for review, they still could not maintain a wrongful foreclosure claim against Defendants. Plaintiffs' wrongful foreclosure claim, like their claim for declaratory relief, is predicated on

---

[2] This claim also fails on the additional ground that Plaintiffs fail to allege tender, as discussed *infra* Section III.B. *See e.g., Rodriguez v. Litton Loan Servicing LP,* No. 2:09-cv-00029-MCE-DAD, 2009 WL 1326339, at *7 (E.D. Cal.2009) (dismissing claim for declaratory relief when "Plaintiff failed to [] allege his willingness and ability to tender the loan proceeds.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al*. v. Recontrust, N.A., *et al*. | | |

allegations supporting a legally misguided theory: that because MERS did not have authority to assign its beneficial interest under the Deed of Trust to US Bank or substitute ReconTrust as Trustee, US Bank, BAC, and ReconTrust lacked authority to commence non-judicial foreclosure proceedings. *Compl*. ¶¶ 44–45. As previously explained, this contention cannot be reconciled with the mortgage-related documents that Plaintiffs executed (which clearly demonstrate that MERS was authorized as beneficiary), or with the weight of federal and state authority (which clearly demonstrates that MERS, as a beneficiary of the DOT, has a right to assign its interest). *See, e.g., Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E. D. Cal. 2010).

Thus, based on the foregoing, the Court holds that Plaintiffs fail to state a plausible claim for wrongful foreclosure. *See Phillips v. Wells Fargo Bank, N.A*, No. 09-cv-1486, 2009 WL 3756698, at *5 (S.D. Cal. Nov. 6, 2009) (rejecting a wrongful foreclosure claim based on MERS's alleged lack of authority to assign a deed of trust where the allegations were directly contradicted by recorded documents of which the Court took judicial notice). Plaintiffs' second cause of action is accordingly DISMISSED with prejudice.

C.  Foreclosure Postponement (Third Cause of Action)

Plaintiffs' third cause of action is for "postponement of the foreclosure sale pursuant to California Civil Code § 2923.54."[3] *Compl*. ¶¶ 53–54. This claim is also not cognizable. Section 2923.5 provides that before the filing of a notice of default, a "mortgagee, beneficiary or authorized agent" must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5. It contains no language indicating a legislative intent to create a private right of action. *Id.* As another court noted, "[i]n California, 'courts are not at liberty to impute a particular intention to the Legislature when nothing in the language of the statute implies such an

---

[3] Although Paragraph 50 of the Complaint states that the third cause of action is brought under § 2923.54, Paragraph 51 expressly invokes § 2923.5 and relies on a discussion of § 2923.5 in *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). Section 2923.54, which required mortgage lenders either to wait ninety days between the issuance of a notice of default and the issuance of a notice of sale, or to implement a comprehensive home loan modification program, was repealed by its own terms, effective Jan. 1, 2011. Cal. Civ. Code §§ 2923.52–.55. However, in construing the Complaint in the light most favorable to the nonmoving party, the Court will treat Plaintiffs' third cause of action as a claim under Section 2923.5.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#11/12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

intention.'" *Wiebe v. NDEX West, LLC*, No. SACV 10-325 AG, 2010 WL 2035992, * at 5 (C.D. Cal. May 17, 2010) (quoting *Dunn-Edwards Corp. v. Bay Area Air Quality Management Dist.*, 9 Cal. App. 4th 644, 658, 11 Cal. Rptr. 2d 850 (1992)). Accordingly, the Court finds that Section 2923.5 does not confer a private right of action. *See Wiebe*, 2010 WL 2035992 *at 5; *Vuki v. Superior Court*, 189 Cal. App. 4th 791, 799–800, 117 Cal. Rptr. 3d 86, (2010) (dismissing claim brought under Civil Code sections 2923.52–.54 because the claim "rest[ed] entirely on alleged violations of statutes which afford them no private right of action"). Plaintiffs' third cause of action is therefore DISMISSED with prejudice.

      D.     <u>Injunctive Relief (Fourth Cause of Action)</u>

Lastly, Plaintiffs assert a claim for injunctive relief based on, among other things, Defendants' alleged failure to provide sufficient evidence of their ownership of the loan. *Compl.* ¶ 66. The Court, however, finds that Plaintiffs fail to show they are entitled to injunctive relief. First, as a technical matter, the Court notes that a claim for injunctive relief is not an independent cause of action, but rather, is a type of relief. *See McDowell v. Watson*, 59 Cal. App. 4th 1155, 1159 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.") (quoting *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)). Second, Plaintiffs' injunctive relief suffers from the same defects identified with respect to their declaratory relief and wrongful foreclosure claims, namely, a failure to allege tender and an erroneous legal theory regarding the role of MERS.

Moreover, Plaintiffs fail to meet the standard for granting a preliminary injunction.[4] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). Here, for reasons previously discussed, Plaintiffs failed to show the requisite likelihood of success on the merits. Nor can they plausibly maintain that the balance of equities requires the Court to enjoin the foreclosure proceedings, where a Notice of Default has been filed on Plaintiffs' $2.5 million dollar loan and Plaintiffs fail to allege any unlawful conduct in connection with the loan. Accordingly, Plaintiffs' final claim for injunctive relief is also DISMISSED with prejudice.

---

[4] The Complaint articulates a request for a preliminary and permanent injunction, as well as a temporary restraining order. *See Compl.* ¶¶ 60-67.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#11/12
JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-945 PSG (PLAx) | Date | May 6, 2011 |
|---|---|---|---|
| Title | Byron Hollins, *et al.* v. Recontrust, N.A., *et al.* | | |

IV.   Conclusion

Thus, based on the foregoing, Defendants' motion to dismiss the Complaint is GRANTED without leave to amend.

**IT IS SO ORDERED.**